IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES PLAISIR,**

             Petitioner,

v.                                   Civil Action No. 3:10cv41
                                   Criminal Action No. 3:09cr15
                                   (Judge Bailey)

**UNITED STATES OF AMERICA,**

             Respondent.

## REPORT AND RECOMMENDATION ON PETITIONER'S § 2255 MOTION

On April 9, 2010, the *pro se* petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. This case, which is pending before me for initial review and report and recommendation, pursuant to LR PL P 83.15, et seq., is ripe for review.

### I. Procedural History

#### A. Petitioner's Conviction and Sentence

Petitioner was named in three counts of a three count indictment issued by a grand jury sitting in the Northern District of West Virginia on March 17, 2009, charging that Petitioner distributed crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) on three separate occasions on February 8th and 9th, 2007.

On January 12, 2010, Petitioner pled guilty to Count 3 of the indictment, which charged him with distributing 3.32 grams of crack cocaine. On March 29, 2010 Petitioner was sentenced to 151 months imprisonment to be followed by three years supervised release.

#### B. Direct Appeal

Petitioner filed a notice of appeal on April 5, 2010. Petitioner's appeal is still pending with

the Fourth Circuit.

## C. **Petitioner's Federal Habeas**

Only four days after the filing of his notice of appeal, Petitioner filed this motion to vacate his sentence under § 2255 in this Court. In the motion, Petitioner asserts two grounds for relief:

(1) Petitioner wants to contest the testimonial evidence that was used against him in court; and

(2) Petitioner wants to contest the drug weight that his relevant conduct was based upon.

In his motion, petitioner, apparently confused, claims to have filed an appeal from his judgment of conviction, but states that he filed it in this Court. Inexplicably, despite his recently-filed notice of appeal to the Fourth Circuit Court of Appeals, he denies having sought further review of his conviction, but then explains that he did not raise these issues on direct appeal because either "the speed of the court was to [sic] fast" and/or "my lawyer did not bring these issue [sic] up."

## II. Analysis

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." Dayton Indep. School Dist. v. United States Mineral Prods. Co., 906 F.2d 1059, 1063 (5th Cir. 1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues

2

involved in the appeal. See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 98 (3d Cir. 1988). "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." United States v. Swint, 2007 WL 675340 (E.D.Pa. Feb. 27, 2007) (internal citations and quotations omitted).

Here, the issues raised by Petitioner in his § 2255 motion are not "uniquely separable" and collateral from a decision on the merits of his appeal. Rather, a decision favorable to Petitioner in these proceedings would clearly alter the status of the case as it rests before the Court of Appeals. Thus, Petitioner's § 2255 motion should be dismissed as premature. Walker v. Connor, 2003 WL 21660483 (4th Cir. 2003) (unpublished).

### III. Recommendation

For the reasons set forth herein, the undersigned recommends that the Petitioner's § 2255 petition be **DISMISSED without prejudice as premature**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se*

petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record via electronic means, as applicable.

DATED: April 3, 2010.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE